UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DAVID WILLIAM NAIL ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:05-CV-98 |
| ) | |
| JERRY UMMEL and BRIAN COOK ) | |
| ) | |
| Defendants ) | |

### OPINION AND ORDER

This cause is before the court upon pro se petitioner, David William Nail's' "Application to Proceed without Prepayment of Fees and Costs" (*in forma pauperis*) filed March 7, 2005 in the United States District Court for the Western District of Michigan. The cause was transferred to this court pursuant to a transfer order issued by the Western District of Michigan, in their cause number, 05-CV-170. For the following reasons, petitioner's request to proceed without prepayment of fees and costs is DENIED.

### DISCUSSION

The federal *in forma pauperis* statute, 28 U.S.C. §1915, provides indigent litigants an opportunity for meaningful access to the federal courts in spite of their inability to pay the costs and fees associated with that access. *Neitzke v. Williams*, 490 U.S. 319, 324, 109 S.Ct. 1827, 1831, 104 L.Ed.2d 338 (1989). An indigent party may commence an action in federal court, without costs and fees, upon submission of an affidavit asserting an inability "to pay such costs or give security therefor" and stating "the nature of the action, defense or appeal and the affiant's belief that he is entitled to redress." 28 U.S.C. §1915(a).

In this case, the petitioner's affidavit states that he is unable to pay the filing fee. Petitioner

is presently unemployed and has no assets and no income   Based on the petitioner's affidavit of indigence, the Court is satisfied that he meets the statutory poverty requirements of 28 U.S.C. §1915(a).

However, the court's inquiry does not end with this conclusion.  In assessing a petition to proceed *in forma pauperis*, the court may look to the sufficiency of a complaint to determine whether it can be construed as stating a claim for which relief can be granted.  28 U.S.C. §1915(e)(2)(B).  Under this section, a court may dismiss a claim if it determines that "the action ... (ii) fails to state a claim on which relief may be granted;  or (iii) seeks monetary relief against a defendant who is immune from such relief." *Id.*   Upon careful review and consideration, the petitioner in this case has failed to state a claim for relief and seeks monetary relief against state officials immune from such relief.

Nail's Complaint is brought pursuant to 42 U.S.C. §1983 for violation of his civil rights.  In particular, Nail alleges that the conduct of the Defendants, two state court magistrate judges serving in Fort Wayne, Indiana violated his 5th Amendment rights.  In particular, Nail contends that the Defendants, by holding a hearing/trial in Allen County Small Claims Court on a claim that had been previously adjudicated in Allen Superior Court the Defendants violated the Double Jeopardy clause, the Due Process clause and the Ex Post Facto clauses of the Fifth Amendment.

The purpose of § 1983 is to deter state actors, and private individuals in collaboration with state officials, from using a "badge of authority" to deprive individuals of rights guaranteed by the Constitution. *Wyatt v. Cole*, 504 U.S. 158, 161, 112 S.Ct. 1827, 118 L.Ed.2d 504 (1992). Specifically, the statute provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable

>to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. To state a valid cause of action under § 1983, a plaintiff must demonstrate that: (1) the defendant(s) deprived him of a right secured by the Constitution or any law of the United States; and (2) the deprivation of that right resulted from the defendant(s) acting under color of law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). In this case, because plaintiff's Complaint fails to identify the violation of any right secured by the Constitution or any other law of the United States, his Complaint fails to state a claim for relief

>The Fifth Amendment of the United States Constitution provides:

>>No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger; nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation.

Although contained within a single amendment, the rights preserved by the Fifth Amendment are multiple. There exists a right to Grand Jury indictment in federal cases, the right against self-incrimination, i.e., the Self-Incrimination Clause, the Double Jeopardy Clause, and the Due Process Clause. Depending upon whether an underlying action is criminal or civil in nature, various rights may or may not be implicated. For instance, by express language, the Self-Incrimination Clause of the Fifth Amendment is limited to "any criminal case." Other Fifth Amendment protections, while not explicitly limited to one context or the other, have been so limited by decision of the Supreme Court. See, *e. g., Helvering v. Mitchell*, 303 U.S. 391, 399, 58 S.Ct. 630, 633, 82 L.Ed. 917 (1938) (Double Jeopardy Clause protects only against two criminal punishments). As for the due process portion of the Fifth Amendment, it only addresses due process violations made by federal officials.

*Schweiker v. Wilson,* 450 U.S. 221, 227, 101 S.Ct. 1074, 67 L.Ed.2d 186 (1981).

Given these subtleties of the Fifth Amendment, Nail has pled no facts demonstrating a violation of any of his Fifth Amendment protections. The actions of the defendants are alleged to have occurred in a state court civil proceeding. Since the Double Jeopardy Clause protects only against two criminal prosecutions, *Helvering supra*, Nail has not stated a claim for relief under this clause. Nail has likewise not alleged any facts suggesting that *federal* officials deprived him of due process, as is required for a Fifth Amendment due process claim. *Schweiker*, *supra*.

Finally, although it is alleged that there is a Fifth Amendment violation of the Ex Post Facto Clause, this clause is not part of the Fifth Amendment at all but is located in Art. I , §10, cl. 1 of the United States Constitution: "No State shall ...pass any Bill of Attainder, ex post facto Law, or Law impairing the Obligation of Contracts, or grant any Title of Nobility." Further, the Complaint sets forth no facts from which it could be shown that this Constitutional right has been violated.

In sum, Nail's Complaint does not set forth any facts which demonstrate the violation of a right secured by either the Constitution or the laws of the United States. As a result, his Complaint must be dismissed.

Withal the foregoing, even if Nail had pled facts sufficient to establish a Constitutional violation, he would be no better off since he has sued two individuals who are absolutely immune from suit under the well-established doctrine of judicial immunity. *See Stump v. Sparkman,* 435 U.S. 349 (1978). Under that doctrine, so long as the judicial officer is acting within his proper authority, he cannot be held liable under 42 U.S.C. §1983. *See also Bedree v. DeGroote* 799 N.E.2d 1167, 1176 (Ind.App.,2003) (applying judicial immunity to magistrate in small claims division and stating "It is only where a judge's actions are taken in the complete absence of any jurisdiction that judicial

immunity will not apply. *")*

Indeed, if Nail believes that the court was wrong in deciding his case, his proper remedy is to appeal through the state court system. There is no constitutional cause of action against the magistrates who were acting in accord with their duties.

## CONCLUSION

Based on the foregoing, petitioner's request to proceed *in forma pauperis* is DENIED and his complaint DISMISSED WITHOUT PREJUDICE.

Entered:     April 12, 2005

s/ William C. Lee, Judge<br>
Northern District of Indiana